## *IN RE* ESTATE NEUBERT, BURKHIM v. PINKHUSSOHN.

1. APPEAL.—No FACT will be considered by this Court on appeal which does not appear in the "Case."
2. COMITY—CONSTITUTION—ADMINISTRATOR.—Refusal of probate judge here to appoint as administrator of estate of a person dying in Florida, a person appointed in Florida, does not violate that section of the United States Constitution (art. IV., sec. 1,) which requires that full faith and credit shall be given in each State to the acts, judicial proceedings, &c., of every other State.
3. IBID.—Finding by Florida Court that resident of that State is a fit and proper person to act as administrator in that State, is not binding on Court here.
4. ADMINISTRATOR—INTESTATE ESTATES.—A party paying for burial clothes is not thereby made a creditor of the estate of the deceased, except in exceptional cases.
5. IBID.—A NON-RESIDENT cannot be granted letters of administration in this State.
6. IBID.—EVIDENCE—TRANSACTIONS WITH DECEDENT.—For purpose of obtaining letters of administration, petitioner may testify as to transactions between himself and the decedent.

Before GAGE, J., Charleston, December, 1899.    Affirmed.

Petition by both J. Burkhim and J. S. Pinkhussohn to Charleston probate court for letters of administration upon estate of William Neubert. From Circuit order confirming

probate decree granting the administration to Pinkhussohn, Burkhim appeals on the following exceptions:

"1st. That the decree is in contravention of sec. 1, art. IV., of the Constitution of the United States, requiring 'full faith and credit shall be given in each State to the public acts and records and judicial proceedings of every other State,' in this that it repudiates the appointment of L. J. Burkhim as administrator of the estate of William Neubert, deceased, by the proper Court of Alachua County, in the State of Florida, the residence of the deceased. 2d. That the decree is in contravention of said sec. 1, of art. IV., of the Constitution of the United States, in finding that the administrator, L. J. Burkhim, so appointed by the proper Court of Alachua County, in the State of Florida, as a proper person for said administration, 'is not a proper person to be entrusted with the administration of William Neubert.' 3d. There is no evidence that the said L. J. Burkhim was not a proper person. 4th. Because L. J. Burkhim was the largest creditor of William Neubert, deceased, and entitled to the administration. 5th. Because Mr. Pinkhussohn, the appointee, was not a creditor: (a) because his claim of $2 was a pretext; (b) because the probate judge allowed him to establish such claim by his own oath, contrary to section 400 of the Code; (c) because the probate judge refused to subpœna Miss Swan, a witness, to disprove said claim."

*Mr. W. H. Thomas,* for appellant, cites: *On first and second exceptions:* 22 S. E. R., 184; 12 Rich., 623; Gen. St., 2050; 19 S. E. R., 610; 25 S. C., 1; 2 Hill Ch., 503. *On exception* 4: Gen. Stat., 2006; 17 S. C., 24. *On exception* 5: 6 S. C., 76.

*Messrs. Nathans & Sinkler,* contra, cite: *On exception* 1: 25 S. C., 19; 33 S. C., 350; 41 S. C., 374. *On exception* 2: 9 Wheat., 572. *On exception* 3: 5 S. C., 414; 3 S. C., 545; 13 S. C., 42. *On exception* 4: 45 Am. R., 738; 1 L. R. P. & D., 314; 2 Strob., 341; 3 At. R., 806; 41 Ill., 357; 6 At. R.,

365; 2 Pa. St., 157; 87 Pa. St., 163.   *On exception* 5: 51 S. C., 487; 47 S. C., 488.

Aug. 21, 1900.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   For reasons that will here-inafter appear, we deem it necessary to set out the "Case" in full, which is as follows: "J. S. Pinkhussohn, a resident of Charleston, S. C., on the 3d November, 1898, filed his peti-tion in the probate court for Charleston County, alleging that William Neubert, a resident of Charleston, South Carolina, and of Gainesville, Florida, died intestate, leaving personal property in Charleston of the value of $25,000, and no rela-tives in the city; and the petitioner is a creditor, and praying letters of administration, etc.   L. J. Burkhim, a resident of Gainesville, Florida, on the same day filed his petition, alleg-ing that Wm. Neubert, of Gainesville, Florida, died 29th October, 1898, intestate, leaving a brother and sister in Ger-many; the petitioner is a creditor; that deceased had $40, in a bank in Charleston, and perhaps other assets; that peti-tioner has applied for letters of administration upon this estate in Alachua County, Florida, and has received prelimi-nary papers for the administration thereof.   He asks letters of administration.   Burkhim also filed a *caveat* against the granting of letters of administration to Pinkhussohn, be-cause he denies that Pinkhussohn is a creditor, and as a stranger he cannot be appointed; that he, Burkhim, has been appointed administrator *ad bona collegenda* from the domi-ciliary court in Florida; that any administration in this county will be only ancillary, and that by granting him, Burkhim, the administration, it will prevent circumlocution and expense.   Publication of citation was made in regular form for 17th November, 1898, and the parties appearing upon that day, at the request of Burkhim, it was postponed until the 16th December, 1898, when the case was heard and determined.   The letters of administration to Pinkhussohn were issued to him on the 17th, reciting: 'Whereas, Wm. Neubert, late of Gainesville, Florida, died intestate * * *

leaving property in this State,' etc.　The testimony of J. S. Pinkhussohn (objected to by Mr. Thomas for Burkhim) was, that at Neubert's request he had paid $2 to Dr. Edwards, a bill for medical attendance on Neubert, some time before Neubert's death, and that he had not been repaid. That Neubert spent three, four and five months in Charleston, and kept almost all his property here, to wit: securities, monies in bank, etc., some $20,000.　He introduced judgments against Burkhim for $2,000.　L. J. Burkhim testified that he was a creditor of the estate to the extent of about $20, for a suit of clothes bought for the deceased after death. That the estate in Florida is $400 in cash and a bond for $4,000.　That he, Burkhim, is a resident of Gainesville, Fla.　He also produced his letters of administration from Alachua County, Florida, by the proper court, giving him, Burkhim (in whose fidelity in this behalf I very much confide), the administration of said estate, on the 15th December, 1898.　The general findings of the probate court, among other things, were: the probate judge of Charleston finds that the assets in Florida are far more than enough to pay all Florida debts; that Pinkhussohn is a creditor and that Burkhim is not, and that his action in paying for the burial clothes was intended to obtain administration; and further, that he has unsatisfied judgments against him, and 'I do not regard him as a suitable person to be entrusted with the administration of so large an estate.　He is also a nonresident of this State.'　He also finds that the heirs of Neubert reside in Germany, and that they have given C. O. Witte, consul of the German Empire, in Charleston, power of attorney to represent them in all matters pertaining to the estate, and to receive their shares of the estate for them, etc. From this decree Mr. Burkhim appealed to the Circuit Court, because, Burkhim being the domiciliary administrator of Alachua County, Florida, the residence of the deceased, should be appointed ancillary administrator in this State; and that, after his appointment in Florida, without discrediting evidence here, his right is unquestionable; because the

Court refused to hear testimony of the domicile; because Pinkhussohn was allowed to establish his creditorship by his own oath; because the administration of Pinkhussohn is clearly in the interest of the debtors of Neubert, because Pinkhussohn, not being a creditor, could only be given (letters) *ad bona collegenda;* and because he ignored the transcript from Florida proven before him.

"On the 17th of April, 1899, the present .respondent moved before Judge Klugh, after due notice, to dismiss the appeal, but on that day his motion was refused; and he served notice of appeal to the Supreme Court, and finally abandoned his appeal." (While we do not see that this paragraph has any relevancy whatever to any of the questions which this Court is called upon to determine, yet as we find it in the "Case," which we proposed to set out in full, we did not feel at liberty to omit even this irrelevant paragraph.)

"The cause came before Judge Gage at the December term, 1899, and he made the following decree: This is an appeal from the decretal order of the probate court granting letters of administration to the respondent, J. S. Pinkhussohn. The order of the probate court sets forth the facts upon which his judgment was based, and after hearing counsel for appellant and respondent, I am satisfied, among other reasons, that the appellant, L. J. Burkhim, is not a proper person to be entrusted with the administration of the estate of William Neubert; and that, therefore, the appeal herein be dismissed, and that the decretal order of the probate judge, dated December 16, 1898, be and is hereby sustained as the judgment of this Court, and that this decree be certified by the clerk of this Court to the said probate court for such other proceedings as may be necessary to enforce the same."

From this judgment the said L. J. Burkhim gave due notice of appeal to this Court, basing the same upon the several exceptions set out in the record, a copy of which the reporter will insert in his report of this case.

Before proceeding to the consideration of the exceptions,

we find it necessary to say, that some facts which may, possibly, be material, are stated in the arguments of counsel, which are not to be found in the "Case" as prepared for argument here, and which, therefore, cannot be considered by the Court. For this reason, we thought it best to incorporate in this opinion the whole of the "Case" as we find it printed in the record; and shall base our conclusions upon the facts which we find in the "Case," without regard to any additional facts which may be stated in the exceptions or in the argument of counsel, which, under the well settled rule, this Court is not at liberty to consider. Ever since the case of *The State* v. *Wilder,* 13 S. C., 344, decided as far back as November, 1879, and uniformly followed ever since, it has been the settled rule that this Court cannot consider any fact which does not appear in the "Case" as prepared for argument here, and which appears only in the exceptions or in the argument of counsel.

In the light of this rule, so long and so well settled, we will proceed to the consideration of the several exceptions. We are unable to discover from the "Case" anything tending to show that sec. 1, of art. IV., of the Constitution of the United States, requiring that "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," has been violated, as it is claimed in the first exception; for there is nothing in the "Case" which shows that the action of the court in Florida, appointing Burkhim administrator there, was repudiated or even disregarded, either by the probate judge or the Circuit Judge here. The rule that the judgments and decrees of the courts of any State have no extraterritorial force, is too well settled to require the citation of any authority. While, therefore, the action of the court in Florida may have had the effect of investing Burkhim with all the rights and powers of administrator *in that State,* it certainly had no force and effect in this State. If he desired to become administrator here, his duty was to do exactly what he did do—apply to the proper authority here for let-

ters of administration in this State; and upon such application it was not material to inquire what the court in Florida had done. The first exception must, therefore, be overruled.

·For a somewhat similar reason the second exception must also be overruled. The finding of the fact by the court in Florida that the appellant was a fit and proper person to be entrusted with the administration of the estate there, was in no way binding upon the court here. See *Overby* v. *Gordon,* 177 U. S., 214, and the cases therein cited.

The third exception, based as it is upon an allegation of fact which does not appear in the "Case," cannot be sustained. We do not know what evidence was before the probate judge, as the "Case" does not show, or purport to show, all of the testimony which was before the probate judge.

The fourth exception, based, as it is, upon the assumption that Burkhim was the largest creditor of the intestate, cannot be sustained, because it is directly ·contradicted by the finding of fact by the probate judge, concurred in by the Circuit Judge, that the appellant was not a creditor of the intestate. Indeed, it appears from the testimony of Burkhim, as stated in the "Case," that he does not pretend to have been a creditor of Neubert at the time of his death; but his claim to be a creditor is based upon the fact that, *after the death* of Neubert, he bought a suit of clothes in which to bury the deceased, for which he paid "about $20." It is true, that in 19 Ency. of Law, at page 195, it is said: "A claim which accrued after the death of the decedent, as for funeral expenses, is sufficient to give the right to administer." But this is based upon only two cases, which seem to admit that this is a doctrine only to be applied in exceptional cases. Certainly, it should not be applied in a case like this, where the probate judge finds as a fact that Burkhim's action "in paying for the burial clothes was intended to obtain administration." And when to this is

added that the attempt is made in this case, to apply this exceptional doctrine in favor of an applicant for administration who is a non-resident of the State, who is encumbered with debts to a large amount, which have been reduced to judgment, we are certainly satisfied that the probate judge was right in declining to issue letters of administration to the appellant.    It is true, that the case of *Jones* v. *Jones,* 12 Rich., 623, has been cited as holding that administration may be granted to one residing beyond the limits of the State.    But, as was well argued by counsel for respondent, that case was decided prior to the passage of the act of 1878, now incorporated in the Rev. Stat. of 1893 as sections 2067 and 2068, which necessarily implies that a non-resident of the State cannot be granted letters of administration.  For that act provides, that if an executor or administrator, since the grant of letters testamentary or of administration, shall change his domicile to a place beyond the limits of the State, his letters shall be revoked.    Of course, this necessarily implies that a grant of letters of administration to one which is a non-resident at the time would not be lawful.

The fifth, and only remaining exception is that Pinkhussohn was not a creditor of the intestate, which is based upon three grounds: 1st. That his claim was a pretext.    2d. Because he was allowed to establish his claim by his own oath, contrary to the provisions of sec. 400 of the Code. 3d. Because the probate judge refused to subpœna Miss Swan, a witness, to disprove said claim.    The first of these grounds is clearly untenable, as there is no testimony whatever to sustain it, and is in direct conflict with the concurrent findings of the judge of probate and the Circuit Judge.    The second ground is likewise untenable.    In the first place, it does not appear that the objection to Pinkhussohn's testimony was based upon the ground now insisted upon.    But, waiving that, the general rule now, unquestionably, is, that interest does not disqualify, and the question is, whether the testimony objected to falls within any of the exceptions.    The only one within which it can possibly be

claimed to fall is that which forbids a person, who is a party to an action or proceeding, from testifying, in his own favor, against a person prosecuting or defending such action as executor or administrator, &c., in regard to a transaction or conversation between such witness and a person deceased. Here, while it is true that the witness was testifying as to a transaction with a person deceased, he was not so testifying in an action against the administrator or other person named in the section as bearing certain relations to such deceased. See *Norris* v. *Clinkscales,* 47 S. C., at pp. 493-4. It is clear, therefore, that there was no violation of sec. 400 of the Code, in receiving the testimony in question. The third ground upon which this exception rests is without a shadow of foundation in the testimony to sustain it. For it does not appear in the "Case" that the probate judge was ever asked to subpœna Miss Swan or any other witness in the case, and certainly it does not appear that he ever refused to do so. The fifth exception must likewise be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.